**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000063
31-MAY-2018
09:57 AM**

NO. CAAP-17-0000063

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,
Plaintiff-Appellee,
v.
MICHELE C. RUNDGREN; MICHELE C. RUNDGREN, TRUSTEE OF
THE MICHELE C. RUNDGREN REVOCABLE TRUST, DATED
NOVEMBER 1, 2005, Defendants-Appellants,
and
RICHARD LEIBOW; STATE OF HAWAII DEPARTMENT OF TAXATION;
ASSOCIATION OF APARTMENT OWNERS OF KIPAPA CONDOMINIUM,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS
1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50;
AND DOE GOVERNMENTAL UNITS 1-50, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-0371-02)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Reifurth and Chan, JJ.)

Defendants-Appellants Michele C. Rundgren; Michele C.
Rundgren, Trustee of the Michele C. Rundgren Revocable Trust,
Dated October 6, 2005; Todd Rundgren; and Todd Rundgren, Trustee
of the Todd Rundgren Revocable Trust, Dated November 1, 2005
(collectively, the Rundgrens) appeal from the Judgment entered on
April 15, 2016, by the Circuit Court of the First Circuit

(circuit court).[1] The Rundgrens also challenge the following underlying orders issued by the circuit court: the "Findings of Fact, Conclusions of Law, and Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure" entered on April 15, 2016; and the "Order Denying [the Rundgrens'] Motion for Reconsideration" entered on January 6, 2017. The Judgment and challenged orders were entered against the Rundgrens and in favor of Plaintiff-Appellee JPMorgan Chase Bank, National Association (**JPMorgan Chase**).

On appeal, the Rundgrens contend that: (1) the circuit court erred in granting summary judgment because there are genuine issues of material fact concerning JPMorgan Chase's standing to foreclose; (2) the attorney affirmation filed by JPMorgan Chase's counsel was not in compliance with Hawaii Revised Statutes (**HRS**) § 667-17 (2016); (3) the circuit court lacked jurisdiction as an improper venue for presiding over the foreclosure of Kauai residential property; and (4) the circuit court lacked jurisdiction to foreclose on the Rundgrens who had timely canceled their mortgage loan pursuant to the Title 15 U.S.C. § 1601, the Truth In Lending Act.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve the Rundgrens' points of error as follows, and we vacate and remand.

**(1) Summary Judgment**

The Hawai'i Supreme Court's opinion in <u>Bank of America, N.A. v. Reyes-Toledo</u>, 139 Hawai'i 361, 390 P.3d 1248 (2017) is dispositive for purposes of this appeal. In <u>Reyes-Toledo</u>, the Hawai'i Supreme Court held in a judicial foreclosure action that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. <u>Id.</u> at

---

[1] The Honorable Bert I. Ayabe presided.

2

367-70, 390 P.3d at 1254-57. In its answering brief, JPMorgan Chase recognizes that Reyes-Toledo affects the outcome in this appeal.

Reyes-Toledo notes that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. The supreme court then expressed that "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. (brackets omitted) (quoting Mottl v. Miyahira, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). Because "standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Reyes-Toledo, 139 Hawai'i at 368, 390 P.3d at 1255. Thus, a foreclosing plaintiff must establish entitlement to enforce the note and standing to foreclose on the mortgaged property at the commencement of the suit. Id.

Like the foreclosing bank in Reyes Toledo, JPMorgan Chase was granted a decree and judgment of foreclosure pursuant to a summary judgment ruling. In support of its summary judgment motion, JPMorgan Chase attached, inter alia, two documents to demonstrate that it possessed the subject Adjustable Rate Note (**Note**): (1) a "Declaration of Amounts Due and Owing" by Tracy Charlton (**Charlton Declaration**), executed on April 29, 2015, attesting that "[JPMorgan Chase] is in possession of the original note" (emphasis added); and (2) the Note, which shows that it was endorsed in blank by Washington Mutual Bank, F.A., the lender for the Note. Like in Reyes-Toledo, this evidence fails to demonstrate that JPMorgan Chase was entitled to enforce the Note at the time the action commenced.

3

There is no other evidence in the record to establish JPMorgan Chase's entitlement to enforce the Note when it commenced this action.[2]  Although the Complaint for Foreclosure (**Complaint**), filed on February 10, 2014, alleges that "[JPMorgan Chase] is the holder of the Note," the Note is not attached to the Complaint and there is no verification or evidence asserting or establishing that JPMorgan Chase was in possession of the blank endorsed note at the time the Complaint was filed.[3]

Viewing the facts and inferences in the light most favorable to the Rundgrens, as we must for purposes of a summary judgment ruling, there is a genuine issue of material fact as to whether JPMorgan Chase was entitled to enforce the subject Note at the time this foreclosure action was commenced.  Therefore, pursuant to Reyes-Toledo, the circuit court erred in granting JPMorgan Chase's motion for summary judgment.

(2)  Venue

Because we vacate the circuit court's summary judgment ruling and must remand, we also address the Rundgrens's claim that the circuit court was an improper venue.  In this regard, the record indicates that the Rundgrens failed to raise a defense based on improper venue in their Answer to JPMorgan's Complaint to Foreclose (**Answer**) or in a motion prior to filing their Answer, and thus their argument on appeal about improper venue is deemed waived.

Hawai'i Rules of Civil Procedure (**HRCP**) Rule 12(b)(3) provides that:

> Every defense . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made

---

[2]  JPMorgan Chase submitted an attorney affirmation on June 5, 2015, but it appears that in Wells Fargo Bank, N.A. v. Behrendt, SCAP-16-0000645, 2018 WL 1325153 (Haw. Mar. 15, 2018), the Hawai'i Supreme Court implicitly did not give any evidentiary merit to an attorney affirmation in the record in that case.  See Wilmington Savings Fund Soc. v. Yasuda, No. CAAP-17-0000433, 2018 WL 1904909 (Hawai'i App. Apr. 23, 2018) (Ginoza, J., concurring).

[3]  Because none of the pertinent declarations attest that JPMorgan Chase had possession of the Note at the time the Complaint was filed, we need not address whether the witnesses submitting declarations could properly authenticate records under U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 398 P.3d 615 (2017).

by motion: . . . (3) improper venue[.] A motion making any
of these defenses shall be made before pleading if a further
pleading is permitted.

Further, HRCP Rule 12(h)(1)(B) states that a defense of improper venue is waived "if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by [HRCP] Rule 15(a) to be made as a matter of course."

In Rearden Family Tr. v. Wisenbaker, 101 Hawaiʻi 237, 247-248, 65 P.3d 1029, 1039-1040 (2003), the Hawaiʻi Supreme Court stated that, "[w]here we have patterned a rule of procedure after an equivalent rule within the FRCP, interpretations of the rule by the federal courts are deemed to be highly persuasive in the reasoning of this court." (citations and internal brackets omitted). See U.S. Bank Nat. Ass'n v. Bernadino, 2016 WL 2984868, *5 n.7 (Hawaiʻi App. 2016) (noting that "HRCP Rules 12(b), (g), and (h) are substantively similar to [Federal Rules of Civil Procedure (**FRCP**)] Rules 12(b), (g), and (h)."). Pertinent federal authority provides that a defense based on improper venue is waived if not raised in a responsive pleading or in a motion to dismiss. See Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996) (stating that "[a] party waives the right to challenge venue if he fails to raise that defense either in his responsive pleading or in a motion to dismiss under [FRCP] 12(b)(3)[,]" citing FRCP 12(h)(1)); see also 5C Wright & Miller, *Federal Practice & Procedure: Civil 3d* § 1391 at 515 (2004) ("If a party wishes to raise any of these [Rule 12(b) (2-5)] defenses, that must be done at the time the first significant defensive move is made [such as] a responsive pleading.").

Based on the record in this case, the Rundgrens have waived their right to challenge venue.

We need not address the Rundgrens's remaining points on appeal.

Therefore, IT IS HEREBY ORDERED that the following entered by the Circuit Court of the First Circuit are vacated:

(1) the "Findings of Fact, Conclusions of Law, and Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure" entered on April 15, 2016;

(2) the Judgment entered on April 15, 2016; and

(3) the "Order Denying Motion for Reconsideration," entered on January 6, 2017.

The case is remanded to the circuit court.

DATED: Honolulu, Hawai'i, May 31, 2018.


On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendants-Appellants.

J. Blaine Rogers,
Jenny J.N.A. Nakamoto,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6